**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

```
JACQUELINE ZEIGLER GRAVES,  )
                            )
     Plaintiff,             )
                            )   CIVIL ACTION NO.
     v.                     )    2:23cv605-MHT
                            )        (WO)
WELLS FARGO BANK, N.A.,     )
et al.,                     )
                            )
     Defendants.            )
```

OPINION AND ORDER

Plaintiff Jacqueline Zeigler Graves brings this lawsuit under federal and state law against multiple defendants, asserting that her property was mortgaged without her consent and that her signature was forged on the mortgage. Among other wrongs, Graves asserts that pro se defendant Musina Murray, acting as a notary public, defrauded her by notarizing the forged signature on the mortgage. This case is before the court on Murray's motion to dismiss for lack of subject-matter jurisdiction, improper venue, failure to

state a claim upon which relief can be granted, and failure to plead properly a fraud claim. For the following reasons, the motion will be denied.

First, the court has subject-matter jurisdiction over the fraud claim against Murray. The court previously found that it has supplemental jurisdiction over Graves's claim against defendant Merchants Bonding Company, which was based on Merchants acting as a surety for Murray when she allegedly notarized the forged signature. *See* Order (Doc. 92). As with the claim against Merchants, the court has supplemental jurisdiction under 28 U.S.C. § 1367 over the claim against Murray because: (a) the court has original, federal-question jurisdiction over Graves's claim against defendant Wells Fargo Bank, N.A. under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq. ("RESPA"); and (b) the RESPA claim and the fraud claim "derive from a common nucleus of operative fact," *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725

2

(1966), and "are so related ... that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367.

Further, venue is proper because the property at issue is in Elmore County, Alabama, and the disputed notarization occurred in Elmore County, which lies within this court's judicial district. *See* 28 U.S.C § 1391(b)(2) ("[Venue is proper in] a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.").

Lastly, Murray moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and Rule 9(b) for failing to plead with particularity the circumstances constituting fraud. The court finds that the amended complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief

3

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (2007)). Moreover, at this stage, the court finds that the allegations are sufficient to plead fraud with particularity, but the court would be open to considering Murray's arguments against the fraud claim with a fuller record on summary judgment.

***

Accordingly, it is ORDERED that defendant Musina Murray's motion to dismiss (Doc. 76) is denied.

DONE, this the 10th day of September, 2025.

                                              /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE